**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HECTOR ESTRADA-HIDROGO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-751-KC** |
| | § | |
| **KRISTI NOEM et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered the case. Hector Estrada-Hidrogo filed a Petition for Writ of Habeas Corpus, ECF No. 1, arguing that his detention is unlawful and requesting that he be released or provided a bond hearing. Pet. ¶¶ 5, 127–157; *id.* at 32.

Estrada-Hidrogo is currently detained at the ERO El Paso Camp East Montana detention center in El Paso, Texas. *Id.* ¶ 2. It appears that he has been detained for over a year, and that his request for a bond hearing was denied for lack of jurisdiction on March 5, 2026. *Id.* ¶¶ 3, 6, 20. Estrada-Hidrogo states that "he was not detained at the border . . . but rather after living in the United States for years." *Id.* ¶ 57. However, he also alleges that he previously "appeared to all his DHS appointments, ICE routine check-ins and has not violated his terms of release on recognizance." *Id.* ¶ 39. Confusing matters more, Estrada-Hidrogo alleges that, at some point, he was convicted of illegal re-entry and released from federal prison. *See id.* ¶¶ 91, 96. Thus, it is unclear whether Estrada-Hidrogo was only recently apprehended by immigration authorities after living in the country, or if he was previously apprehended, released, and then recently re-detained..

As for Estrada-Hidrogo's removal proceedings, the Court is unable to discern the status of those proceedings based on his conflicting allegations. Estrada-Hidrogo states that "[h]e was recently put back into re-instated removal proceedings through the issuance of a superseding notice to appear." *Id.* ¶ 96. And that he is "challenging his detention in Respondents' custody without a bond hearing pending final resolution of his removal proceedings." *Id.* ¶ 32. But he also states that "[he] is challenging the constitutionality of the procedures by which DHS/ICE reviews the custody status and of aliens who cannot be removed within six months, and whose removal is significantly likely to occur in the reasonably foreseeable future." *Id.* ¶ 25. And references the post-final-removal-order detention statute, 8 U.S.C. § 1231, multiple times throughout the Petition. *See, e.g., id.* ¶¶ 52, 90, 102–104.

Therefore, because the allegations in the Petition are unclear, the Court exercises its discretion to order supplemental briefing. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Accordingly, the Court **ORDERS** that, **by no later than April 9, 2026**, Estrada-Hidrogo shall **FILE** an advisory answering the following questions:

(1) When was the date of your last entry into the United States?

(2) What date were you taken into immigration custody and detention?

(3) Have you been previously detained by immigration authorities?

      a.  If so, were you released, either on your own recognizance, bond, parole, or any other basis?

(4) Have you ever been convicted of illegal entry or reentry and then released from federal prison?

(5) Do you have a final order of removal or a reinstated final order of removal?

    a.  If so, when was the final order of removal issued?

    b.  Did you appeal the final order of removal?

**SO ORDERED**.

**SIGNED this 19th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE